SUYDAM *vs.* THE ADMINISTRATORS OF HOYT.

It is no bar to an action upon a judgment, that the judgment has been removed by writ of error to a superior court, nor will the averment of such fact support the plea of *nul tiel record.*

The declaration counts on a judgment rendered in the Supreme Court of the state of New York, at the city of Hudson, &c., on the 26th of October, A. D. 1853.

Pleas are—

1. *Nul tiel record* and issue.

2. *Nul tiel record* remaining in said county, as set out in plaintiff's declaration, stating the fact, that the judgment declared upon had been removed by appeal to the general term of the Supreme Court of the State of New York, pursuant to the statutes of that state.

Replication to last plea is, " that although an appeal was taken, &c., yet that the defendant, in order to stay proceedings on said judgment, was required by the laws of said state to execute a written undertaking, with at least two securities, to the effect, that if the judgment appealed from, or any part thereof, be affirmed, he would pay the amount, &c., and that the defendant had filed no such undertaking, as required by the laws of the state of New York, to stay proceedings on the judgment, and that the proceedings upon said judgment are not in anywise stayed thereby, without this, the said judgment has been removed by such appeal, or otherwise, out of the said Supreme Court of New York, in manner and form, &c."

General demurrer to replication to second plea and joinder.

The cause was argued before the Chief Justice, and Elmer, Potts, and Vredenburgh, Justices.

*Parker*, for plaintiffs, in support of the demurrer, cited *New York code* 1852, § 348, *note* 371.

*Dayton*, contra.

The Chief Justice delivered the opinion of the court.

To a declaration on a judgment rendered in the Supreme Court of the state of New York, the defendant pleaded, that there was no such record remaining in said court, and that the judgment declared upon had been removed by appeal to the general term of said Supreme Court, pursuant to the statutes of said state. The plaintiff replied,

Suydam *v.* Hoyt.

that the written undertaking required by the laws of that state to stay the proceedings on the judgment had not been filed by the defendant, and that proceedings on the judgment had not been stayed. To this replication there is a general demurrer.

It is unnecessary to consider the validity of the replication, as the defendant's plea is radically defective. The court will look back through the pleadings to see where the first substantial error in pleading occurred, and render judgment accordingly.

Admitting the proceeding by appeal to the general term of the Supreme Court, under the laws of the state of New York, to be tantamount to a writ of error to another and higher tribunal, the plea is vicious.

The pendency of a writ of error does not prevent the bringing of an action upon the judgment, nor does it enable the defendant to plead truly *nul tiel record*.

It is in the discretion of the court in which the action upon the judgment is brought, pending a writ of error, to stay the proceedings or not. 3 *Term R.* 78 ; 5 *Term R.* 9 ; 6 *Term R.* 455 ; 5 *Barn. and Ald.* 903 ; 1 *Arch. Pᵃ·* 220.

And if the conduct of the plaintiff in error appear to be vexatious, the court will suffer the action upon the judgment to proceed, notwithstanding error brought. 2 *Term R.* 78.

The matters set forth in the plea contain no ground of defence to the action, and judgment must therefore be for the plaintiff upon