## 14

PORTER v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

## Porter v. The Chicago and Northwestern Railway Company.

1. *Service of summons on agent of a corporation.* An agent invested with the general conduct and control, at a particular place, of the business of a corporation, is a managing agent, within the 75th section of the Code, upon whom a summons may be served. It is immaterial where he resides.

2. *Appearance.* A defendant may appear specially to object to the jurisdiction of the court, either over his person or the subject matter of the suit, without waiving his right to be heard on these questions in bank. *Per* MASON, Ch. J.

3. ——. But if he seek to call into action any power of the court except on the question of its jurisdiction, his appearance is general.

Porter sued the Chicago and Northwestern Railway Company in the District Court for Douglas county. The summons was returned served by leaving a certified copy thereof with " W. B. Strong, the general managing agent of the defendant, at their usual place of doing business in the county of Douglas, State of Nebraska." The defendant appeared specially, and by motion objected to the service alleging that Strong was not a managing agent within the meaning of the statute. The motion was supported by an affidavit made by Strong, in which he says that he is superintendent of the offices of the defendant at Council Bluffs, in Iowa, and at Omaha; that its railroad terminates at Council Bluffs, and does not extend into this State ; that it runs passenger and freight trains from Council Bluffs to Omaha over the track and bridge of the Union Pacific Railroad Company, and has a ticket and freight office at Omaha, and has no other office or place of business within this State. The principal office of the defendant for transacting and keeping a record of the business done at its office in Omaha was kept at Council Bluffs. The local agent at Omaha reports to the Council Bluffs' office. His only duties in connection with the Omaha

office is occasionally, and for a few hours, to visit it, and confer when necessary, with its agent. He has no agency for the defendant except at the two places named. He resides at Council Bluffs, and never resided in Nebraska. The defendant is a foreign corporation.

The court overruled the motion, and gave judgment for the plaintiff.

*E. Wakely,* for plaintiff in error.

*J. I. Redick,* for defendant in error.

MASON, Ch. J.

The defendant transacts all its business in this State, at its office in Omaha. The person served with this summons is superintendent of this office, as well as of that at Council Bluffs. He has the general direction and management of its business at the former office. An agent who is invested with the general conduct and control, at a particular place, of the business of a corporation, is a managing agent, within the meaning of the 75th section of the Code, which authorizes service of summons on a managing agent of a foreign corporation, and it is immaterial where he resides.

It is not necessary to decide here whether the appearance entered by the defendant was such as to give the court jurisdiction, if the service was insufficient. I think a defendant may appear specially to object to the jurisdiction of the court, either over his person or the subject matter of the suit, without waiving his right to be heard on the question in bank. But if, by motion or by any other form of application to the court, he seek to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally. Such application concedes a cause over which the court has power to act. The judgment must be affirmed.

Judgment affirmed.