ANNA L. RITCHIE, APPELLANT, V. ILLINOIS CENTRAL RAIL-
ROAD COMPANY ET AL., APPELLEES.

FILED OCTOBER 22, 1910.   No. 16,145.

Process: SERVICE OF SUMMONS: MANAGING AGENT. The I. C. R. Co. was
extended into this state from Fort Dodge, Iowa, having its
terminus in the city of Omaha, where it maintained its station
and agency. The M. & St. L. R. Co. had a line of railroad running
northward from Fort Dodge, Iowa, to Minneapolis and St. Paul,
Minnesota, but no part of its line of railroad entered this state,
nor is it shown by the evidence that it had any place of business
or agency within the city of Omaha, or elsewhere in this state.
The I. C. R. Co., by its agent, sold plaintiff a coupon ticket in the
usual form, which authorized plaintiff to travel over its line of
road from Omaha to Fort Dodge, and thence over the line of the
M. & St. L. R. Co. from the latter city to Minneapolis, and return,
as a passenger, and while passing over that line of road plaintiff
received the injury complained of. This suit was brought in the
district court against both companies, and service of summons
was made upon the I. C. R. Co. in the usual manner for service
of summons on railroad companies, and upon the I. C. R. Co.
and its agent as the managing agents of the M. & St. L. R. Co.
Held, That the mere sale of the coupon ticket, such as is sold
over connecting lines generally, did not constitute the I. C. R.
Co., or its agent the managing agents of the M. & St. L. R. Co.,
upon whom service of summons might be made.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*McCoy & Olmstead,* for appellant.

*William Baird & Sons* and *John I. Dille,* contra.

REESE, C. J.

This action was instituted in the district court against
the Illinois Central Railroad Company and the Minne-
apolis & St. Louis Railroad Company to recover for
alleged personal injuries received by plaintiff while a pas-
senger over the defendants' lines of railroad. The material
facts were that plaintiff purchased a round-trip ticket

from the agent of the Illinois Central Railroad Company, at its ticket office in Omaha, for passage from Omaha to Minneapolis, Minnesota, and return. The ticket purchased was the usual coupon ticket, Omaha "to Minneapolis or St. Paul, Minn., and return, via route designated in coupons attached." The record does not contain the ticket purchased, nor a ticket or copy of one sold at Omaha for the trip designated, but does contain a copy of what is said to be a similar ticket with a coupon over another road, issued for the same occasion, to wit, the G. A. R. encampment at the city of Minneapolis. The line of the Illinois Central railroad extended from Omaha to Fort Dodge, Iowa, and from that point to Minneapolis the travel was over the line of the Minneapolis & St. Louis railroad, and over which the coupon provided passage. The Illinois Central train which left Omaha proceeded to Fort Dodge, and was there placed upon the east and west line, and proceeded to Chicago, with the exception of one Pullman car which was detached and placed in the train of the Minneapolis & St. Louis railroad and proceeded to Minneapolis. As plaintiff was returning home on the line of the latter road, between Minneapolis and Fort Dodge, she received the injury complained of. The Illinois Central enters this state at Omaha, and has its ticket office and agency in that city. The Minneapolis & St. Louis road does not enter this state anywhere, and has no ticket office or agency at Omaha, unless the ticket office and agency of the Illinois Central company in that city, and by which the ticket was sold to plaintiff, can be said to be its ticket office and agency. The suit having been commenced against both, the summons was, presumably, served upon the Illinois Central Railroad Company in the manner provided by the statute, and service was sought to be made upon the Minneapolis & St. Louis Railroad Company by delivering a copy thereof to the agent of the Illinois Central, and also upon the Illinois Central, the company which sold the ticket over both lines, as the managing agents of the Minneapolis & St. Louis Railroad Company.

A special appearance was made by the Minneapolis & St. Louis Railroad Company, and objection was made to the service and jurisdiction of the court over it. Upon a hearing of the objections to the service and jurisdiction over the Minneapolis & St. Louis Railroad Company, the district court found that no legal service had been made upon said company, and the exceptions to the jurisdiction were sustained. From that decision plaintiff appeals.

The sections of the statute under which it is claimed jurisdiction was obtained are 59, 60, 73, 75, 912 and 914 of the code, and section 4, art. I, ch. 72, Comp. St. 1909. These sections are as follows:

Section 59: "An action other than one of those mentioned in the first three sections of this title, against a nonresident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

Section 60: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned."

Section 73: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office, or last usual place of business of such corporation."

Section 75: "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

Section 912: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer; or, if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or,

if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

Section 914: "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

Section 4, art. I, ch. 72, Comp. St. 1909: "Service upon railroad companies may be made as upon other corporations, or by leaving a copy of the summons by the proper officer, with any station agent, ticket agent, conductor, or other officer of said railroad formed within the limits of this state, or left at their usual place of business within said county."

The question arises: Has the plaintiff by the service made brought her case within any of those sections? As we view the question, plaintiff's right must depend upon the provisions of sections 73 and 75 of the code, or section 4, art. I, ch. 72, Comp. St., above quoted. If the service comes within the provisions of section 73, it must be because either the agent of the Illinois Central company, or that company itself, is the "managing agent" of the Minneapolis & St. Louis company. The same is true of section 75. Upon this point the evidence showed that the Minneapolis & St. Louis company had no agent or agency in Omaha or elsewhere in this state, and that neither of the parties served had any management of the traffic or business of that company, unless the mere fact of selling the coupon ticket, as such tickets are sold throughout the country, constituted such "managing" agency. If we assume that the copy of the ticket shown in evidence is, in its general terms, a correct copy of the ticket actually sold plaintiff, it contains the following clause: "In selling this ticket for passage over other lines, and in checking baggage on it, this company acts only as agent, and is not responsible beyond its own line." While this recital might be construed as establishing the agency of the Illinois Central company in the sale of the ticket, yet we are unable to discover how that agency could be extended further, or

how it could constitute the agent for selling the coupon to be "managing agent." These words have received judicial construction by many of the courts of this country, but it would extend this opinion to an unreasonable length to collate the cases, and we will be content by referring to 5 Words and Phrases, p. 4320. As a general definition we incline to the first one given by the authority referred to, which is: "A 'managing agent' must be some person vested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it"—citing a number of cases. Other definitions are given, but which do not differ essentially from the above, and to which reference may be had. In *Porter v. Chicago & N. W. R. Co.*, 1 Neb. 14, the late Judge Mason in writing the opinion of the court said: "An agent who is invested with the general conduct and control, at a particular place, of the business of a corporation, is a managing agent, within the meaning of section 75 of the code, which authorizes service of summons on a managing agent of a foreign corporation, and it is immaterial where he resides." The service was held good in that case, as the defendant had a ticket and freight office at Omaha and ran its passenger and freight trains into that city, and the service was made upon the person having general charge of the business of the company, both there and in Council Bluffs. As it is made clear by the evidence that the only authority of the Illinois Central Railroad Company or its agent was to sell the coupon ticket over the Minneapolis & St. Louis railroad as they did over all other roads over which passengers were to be routed, we cannot hold that either was a "managing agent" within the provisions of the sections above quoted.

We are unable to see that the service comes within the provisions of section 4, art. I, ch. 72, Comp. St. It sufficiently appears that the Minneapolis & St. Louis com-

pany has neither station, station agent, ticket agent (except as above stated), conductor, or other officer of the company, or that said company is "formed within the limits of this state." There is no doubt that had the Minneapolis & St. Louis company had a station or place of business in Douglas county, and had the summons been served upon the agent of the company who was controlling and managing its affairs in this state, even to a comparatively limited extent, the service might have been held good, but that is not this case. It is true that the petition states a cause of action against the Minneapolis & St. Louis. Railroad Company. It is carefully and skillfully drawn. But we must look to the facts as shown by the evidence for the basis of the decision of the district court and of this court. That evidence shows, as above suggested, that the same relation existed between the Illinois Central Railroad Company and the Minneapolis & St. Louis Railroad Company as between the Illinois Central Railroad Company and practically all other roads of its class. Coupon tickets are sold in connection with tickets over its own line, but nothing more. This could not render the seller of the ticket a "managing agent" of each road over which the ticket provides for passage. A large number of cases are cited by counsel for each party, but it is not deemed necessary to notice them further, as the statutes must control.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.