AGNES McARDLE, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE; RICHARD L. BAKER, APPELLANT.

FILED JANUARY 4, 1919. No. 20183.

Excessive Damages. Record examined, and, it appearing that the judgment is excessive, *held* that, unless within 15 days plaintiff files her remittitur in the amount of $1,000 and interest from the date of the judgment, the same is reversed; otherwise, affirmed.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed on condition.*

*Brome & Ramsey* and *Joseph P. Uvick,* for appellant.

*George W. Pratt* and *James E. Rait, contra.*

CORNISH, J.

Appeal from a judgment for personal injuries sustained by plaintiff while riding in a street car, going north on Twenty-fourth street, Omaha. Defendant Baker was driving his automobile east on Harney street when a collision occurred, causing the injury. Negligent rate of speed and failure to sound the alarm as the car approached Harney street are alleged against the street railway company, and negligence in driving his automobile down grade over a slippery street, in January, at such rate of speed that it was impossible for him to control it, against the defendant Baker. The automobile going forward turned around so that its rear end collided with the street car.

McArdle v. Omaha & C. B. Street R. Co.

When the jury returned a separate verdict of $1,000 against each defendant, the court refused to receive it and instructed the jury that there must be a joint verdict if the finding was against both defendants; whereupon the jury retired and returned with a verdict of $2,000 against both defendants.

Separate motions for a new trial were filed. The trial court, on the ground that the verdict against the street railway company was not sustained by the evidence, sustained its motion, and entered judgment against defendant Baker alone for $2,000 and costs.

Defendant Baker, after judgment, moved its vacation, for the reason that he was a resident of Buffalo county and there was no joint liability between defendants. The trial court properly overruled this motion as coming too late after trial and judgment. *Porter v. Chicago & N. W. R. Co.,* 1 Neb. 14; *Exeter Nat. Bank v. Orchard,* 43 Neb. 579.

The instruction that, as between plaintiff and the street railway company, negligence could not be predicated upon its failure, if it did fail, to sound the gong, would not take from the jury the evidence upon that issue of fact as it might bear upon the question of defendant Baker's negligence. Being liable individually for the proximate results of his own negligence, he cannot complain of this instruction, whether erroneous or not.

It is urged that the damages awarded by the jury are excessive. When we consider the evidence bearing upon this question and the manner in which the verdict complained of was arrived at, we are of opinion that a new trial should be granted, unless the plaintiff shall, within 15 days, file a remittitur in the amount of one-half of the judgment, and interest, in which case the judgment is

AFFIRMED.

LETTON, SEDGWICK and ROSE, JJ., not sitting.