72 N.J. Super. 264 (1962)
178 A.2d 240
ROBERT O. WEISS, PLAINTIFF,
v.
METALSALTS CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 13, 1962.
Mr. George Warren, attorney for plaintiff.
Mr. Leo Rosenblum, attorney for defendant.
COLLESTER, J.S.C.
This matter is before the court on plaintiff's motion for partial summary judgment pursuant to R.R. 4:58-1 and 4:58-4.
*265 The complaint alleges that on May 14, 1959 plaintiff entered into an employment and stock option contract with the defendant corporation, which contract provided for the arbitration of disputes between the parties. Thereafter a dispute arose and the issues were submitted to arbitration in the State of New York.
On June 1, 1961 the arbitrators made a unanimous award holding that the employment contract had been breached by the defendant without justifiable cause and that defendant should pay to plaintiff $27,964.29 as damages, and further that within 60 days defendant should sell and deliver to plaintiff 22,500 shares of common stock of the corporation for which plaintiff would pay $2,250, providing the plaintiff exercised his option to purchase the same within said period.
Thereafter plaintiff brought proceedings before the Supreme Court of the State of New York for an order confirming said award and defendant moved to vacate or modify it. On June 26, 1961 the Supreme Court of New York confirmed the award and on June 27, 1961 judgment thereon was entered in said court.
Plaintiff thereupon brought this proceeding in New Jersey wherein he sought judgment against the defendant in the sum of $27,964.29 together with interest thereon from June 1, 1961, and secondly sought a judgment for specific performance compelling the defendant to sell and deliver 22,500 shares of its common stock to plaintiff for the sum of $2,250.
The answer filed by defendant admitted the New York judgment but alleged that it was not conclusive for the reason that an appeal from said judgment had been taken to the Appellate Division of the Supreme Court of New York, which appeal was still pending. It further alleged that in accordance with the procedural requirements, defendant on July 28, 1961 had filed with the Clerk of the County of New York a bond wherein defendant and its surety undertook to pay the costs and damages in the event *266 that the judgment was affirmed or the appeal was dismissed. The answer alleged that as a result of the foregoing the judgment had been suspended by the appeal and that defendant would not be required to perform pursuant to its terms until the appeal was dismissed or the judgment was affirmed.
Plaintiff now moves for the entry of a partial summary judgment against the defendant in the sum of $27,964.29 together with interest thereon from June 1, 1961.
In support of said motion plaintiff has submitted an affidavit of its New York attorney, together with copies of the unanimous opinion rendered by the Appellate Division of the Supreme Court of New York, the order on appeal entered December 19, 1961, 15 A.D.2d 46, 222 N.Y.S.2d 7, and the final judgment on appeal, the latter having been entered on December 26, 1961. Said judgment provided that the prior judgment of the Supreme Court was modified to remand to the arbitrators for further consideration and disposition "Item 2 of the Award" which related to the finding that the defendant sell and deliver to plaintiff 22,500 shares of its stock at $2,250. "Item 1 of the Award," which provided that defendant pay to plaintiff $27,964.29, was affirmed.
The affidavit submitted by plaintiff alleges that the judgment is final as to the defendant and that therefore no appeal will lie.
The answering affidavit of defendant's New York attorney does not dispute liability on the part of the defendant to pay the sum of $27,964.29. It alleges that the form of judgment entered by the Appellate Division is in conflict with the opinion rendered in that it did not show that the award of $27,964.29 "embraced damages for all claims for wrongful discharge." It further alleges that under the rules and procedure of the New York courts where a judgment has been modified upon appeal to the Appellate Division, an appeal may be taken to the Court of Appeals of right any time within 60 days after service of the judgment. *267 It alleges that "Our time to take an appeal will not expire until February 26, 1962 and on or before that date a proper notice of appeal will be filed."
It is apparent that the defendant does not dispute the fact that a judgment in the amount of $27,964.29 has been entered in New York against it. It merely questions the form of the judgment entered, which is a matter for disposition by the Appellate Division if defendant's contention is correct. It is also clearly indicated that the amount of such judgment is not questioned, and would not be questioned in the event an appeal is taken.
What is presently before this court on this motion for partial summary judgment is a valid judgment entered in the State of New York in favor of the plaintiff and against the defendant in the sum of $27,964.29. No appeal in fact has been taken from such judgment.
In Birney v. Birney, 111 N.J. Eq. 37 (Ch. 1932), suit was brought upon a California judgment where it was conceded that an appeal had been filed. The court stated at page 39:
"Assuming that the answer now is that an appeal has been taken, it is no bar to an action upon the judgment that the judgment has been removed by writ of error to a superior court. Suydam v. Hoyt's Adm'rs., 25 N.J.L. 230; Rogers v. Hatch, 8 Nev. 35; Union Trust Co. [&c.] v. Rochester [and P.R.] Co., C.C. 29 F[ed Rep]. 609. It is not alleged that the appeal has been perfected to the point that the judgment has been suspended by the appeal. * * *
The pendency of an appeal from a judgment of another state is no bar to an action on such judgment, unless it appears that the appeal suspended the judgment in the state where it was rendered, Taylor v. Shew, 39 Cal. 536, 2 Am. St. Rep. 478; Dow, [Adm'r.,] v. Blake, 148 Ill. 76; 35 N.E. [Rep.] 761, 39 Am. St. Rep. 156; Faber v. Hovey, 117 Mass. 107, 19 Am. Rep. 398; Clark v. Child, 136 Mass. 344; and the suspension of the judgment by appeal must be pleaded by alleging the facts that effect the supersedeas. Woodbridge & Turner Engineering Co. v. Ritter, [C.C.] 70 F[ed. Rep]. 677. There is nothing before us showing that the judgment is not now in full force and effect, and, under the full faith and credit provision of the Federal Constitution, it must be held as binding and controlling."
*268 In my opinion the plaintiff is entitled to the entry of a partial summary judgment against the defendant in the sum of $27,964.29, with interest thereon from June 1, 1961. However, such judgment shall provide that if, within 30 days after the service of a copy thereof upon the defendant, it is made to appear to this court that the judgment entered in the State of New York pertaining to the award of damages has been suspended by a perfected appeal, with proper security for the payment thereof filed with said court as required by the laws of that state, execution of this judgment will be stayed, and if the judgment in New York for such money damages be reversed, the judgment in this state will be set aside; otherwise it will be executed.
An appropriate form of judgment in accord with this opinion shall be presented duly consented to by counsel as to form or on proper notice pursuant to R.R. 4:55-1.