KENNETH WULF, APPELLEE, v. FARM BUREAU INSURANCE COMPANY OF NEBRASKA, APPELLANT.

196 N. W. 164

Filed March 31, 1972. No. 38377.

Luebs, Tracy, Huebner & Dowding, James A. Beltzer, and E. Steven Leininger, for appellant.

Downing & Downing, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action on an insurance policy brought to recover windstorm damages. As a defense, defendant pleaded the statute of limitations and a separate trial was requested on that issue as provided for in section 25-221, R. S. Supp., 1971. The trial court resolved the issue in favor of plaintiff and defendant appeals without awaiting trial of other issues or the entry of final judgment.

The case is now before us on plaintiff's motion to dismiss the appeal grounded on the fact that a final judgment or determination of the case has not been entered. We sustain the motion.

The statute above referred to provides: "If the issue raised by the statute of limitations is finally determined in favor of the plaintiff the remaining issues shall then be tried. If the issue raised by the statute of limitations is finally determined in favor of the defendant the action or actions barred by the statute of limitations shall be dismissed." Defendant contends that the words "finally determined" import such a final determination of the issue presented on the statute of limitations that an immediate appeal is required if the right to a determination of the issue in the Supreme Court is to be preserved. We do not believe that this is the legislative intent. The statute itself indicates that if the defendant's plea is upheld, a further *order of dismissal* must be entered. This indicates the determination of the issue is interlocutory in nature and not to be considered as a final order warranting an appeal.

We have repeatedly held that: "All statutes relating

to the same subject should be construed and considered together for the purpose of giving effect to the legislative intention. All statutes in pari materia must be considered together and construed as if they were one law, and, if possible, effect given to each provision." State ex rel. Retchless v. Cook, 181 Neb. 863, 152 N. W. 2d 23.

Section 25-1911, R. R. S. 1943, provides for appeal *only* on "judgment rendered or final order made." "In the absence of a judgment or order finally disposing of a case, the Supreme Court has no authority nor jurisdiction to act, and in the absence of such judgment or order the appeal will be dismissed." Busboom v. Gregory, 179 Neb. 254, 137 N. W. 2d 825. Section 25-1911, R. R. S. 1943, has not been amended and the two statutes must be construed together and reconciled if possible. In so doing, it seems clear that section 25-221, R. S. Supp., 1971, intends that an order entered denying relief on a plea of the statute of limitations is to be treated as an interlocutory order and that any error in the ruling made may be presented in an appeal taken after final disposition of the case. It is in the same relative position as is faced when the court overrules a demurrer, a plea in abatement, a motion to amend, or a motion to dismiss.

The defendant's appeal is dismissed without prejudice.

DISMISSED WITHOUT PREJUDICE.