REQUESTED BY: Don C. Bottorf, Clay County Attorney.
May a person with a learner's permit who operates a motorcycle be charged with violating section 60-403.01, R.R.S. 1943, for failure to obtain a motorcycle operator's permit?
No, as long as the holder of the learner's permit operates the motorcycle in compliance with the statutory provisions regarding learner's permits.
In your letter of June 11, 1979, you request an opinion of this office regarding the applicability of section60-403.01, R.R.S. 1943 to an individual operating a motorcycle with a learner's permit under the authority of section60-407(4), R.R.S. 1943.
Section 60-407(4) provides as follows:
 "Any person who shall have attained the age of fifteen years or more may obtain a learner's permit from the county treasurer which shall be valid for a period of twelve months and he may operate a motor vehicle on the highways of this state if he is accompanied at all times by a licensed operator who is at least nineteen years of age and who is actually occupying the seat beside the driver or, in the case of a motorcycle, if he is within visual contact with and under the supervision of a licensed motorcycle operator. Any person who shall have attained the age of fourteen years may operate a motor vehicle over the highways of the state if he is accompanied or, in the case of a motorcycle, supervised, at all times by a licensed operator who shall be a high school driver training instructor certified by the Commissioner of Education." (Emphasis added.)
Clearly, this section contemplated the operation of a motorcycle by the holder of the learner's permit as long as he or she is supervised as required.
However, section 60-403.01, R.R.S. 1943, provides in pertinent part that:
 "No person shall operate a motorcycle on the streets, alleys, or public highways of the State of Nebraska until such person shall have obtained a motorcycle operator's license or permit. . . ."
At first reading, these sections would appear to be inconsistent. Nevertheless, both statutes must be read in context with the general licensing scheme. Section 60-403, R.R.S. 1943, states that no person shall operate a motor vehicle on the streets, alleys or public highways of the State of Nebraska until such person shall have obtained a license for that purpose. Section 60-407(1), R.R.S. 1943, then declares that no operator's license shall be issued to anyone less than 16 years of age.
Section 60-407 provides, as previously related, an exception to this general provision. It states that a person who has attained the age of 15 years may acquire a learner's permit valid for 12 months, which authorizes him or her to operate a motor vehicle on the state highways under certain limited conditions. We think it is without question that a motorcycle is included within the definition of a motor vehicle, see section 60-401(1), R.R.S. 1943 and further that the learner's permit authorizes operation of the motorcycle as well as other motor vehicles. The question then becomes, must the holder of a learner's permit also comply with the provisions of section 60-403.01, i.e., become a licensed motorcycle operator in order to operate a motorcycle with a learner's permit? The answer is obviously no.
First, if the holder of a learner's permit is also required to comply with the provisions of section 60-403.01, he will be required in most instances to become a licensed motorcycle operator before he has satisfied the age requirements of section 60-407(1).
Secondly, to require the holder of a learner's permit to operate his motorcycle under the supervision of a licensed motorcycle operator when in fact he is required to become one before operating the motorcycle would result in an absurd interpretation of the statutory language and defeat the purpose of a learner's permit. As the court said in Logan County v. Carnahan, 66 Neb. 685, 95 N.W. 812
(1903), in construing statutes, that interpretation will not be given which would render some portions misleading, or which would result in an absurdity, unless the language is so unequivocal as to permit of no other construction.
The learner's permit was intended to be a limited authorization to allow an individual under the supervision of a licensed driver to practice his driving skills so that he might become proficient enough to pass a subsequent examination. To receive a learner's permit, an applicant must only furnish proof of age. He does not have to pass an examination or demonstrate proficiency in the operation of a motor vehicle, hence, the requirement of supervision. If he were required to demonstrate that he is capable of operating a motorcycle without supervision then there would be no purpose in obtaining a learner's permit and the statutory language requiring supervision would be superfluous.
All statutes relating to the same subject should be construed and considered together for the purpose of giving effect to legislative intention.
As the statutes in question are in pari materia, they must be considered together and construed as if they were one law, and, if possible, effect given to each provision.Wulf v. Farm Bureau Insurance Co., 188 Neb. 258,196 N.W.2d 164 (1972). In so reading the licensing provisions of Chapter 60, we can reach no other conclusion than that the Legislature did not intend to further restrict the learner's permit by requiring compliance with section60-403.01. Consequently, a person who operates a motorcycle with a learner's permit cannot be charged with failure to obtain a motorcycle operator's permit.