MARY JUNE SMALLEY COCKLE, APPELLEE, V. GEORGE ROBERT COCKLE, APPELLANT.

339 N.W.2d 63

Filed September 23, 1983.   No. 82-667.

Ralph E. Peppard, for appellant.

James T. Blazek of Byrne, Rothery, Gentile & Blazek, P.C., for appellee.

KRIVOSHA, C.J., McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

George Robert Cockle, the husband herein, ap-

peals from the granting of a summary judgment to his wife, Mary June Smalley Cockle, registering a judgment she obtained against him in California. We affirm.

This is the second appeal of this controversy to this court. In *Cockle v. Cockle*, 204 Neb. 88, 281 N.W.2d 392 (1979) (*Cockle I*), we ruled that the May 3, 1976, judgment of the Superior Court of California, Monterey County, awarding the wife a percentage of the husband's military retirement pay was not for an amount certain and, therefore, could not be registered. Following that decision, the wife filed a proceeding in the aforesaid California court which resulted in a November 6, 1980, determination that there was due and owing on the 1976 judgment as of September 15, 1980, the sum of $32,419.29.

Thereafter, the wife, pursuant to Neb. Rev. Stat. §§ 25-1587 et seq. (Reissue 1979), filed a petition in the Nebraska Fourth Judicial District Court, Douglas County, praying that the "judgment entered on November 6, 1980, be registered . . . ."

Actual service of the notice of the proceeding resulting in the 1980 California adjudication was had upon the husband in Omaha, where he resides, by U.S. mail. The 1980 ruling of the California court noted that the husband did not appear in person, but was represented by counsel, and that his "[m]otion to terminate retirement payments is hereby denied. Said Judgment is final and conclusive. Said Judgment providing for assignment and continued payments by Defendant [husband] to Plaintiff [wife] remains in full force and effect."

The husband appealed the 1980 determination to the Court of Appeal of the State of California, but did not file a supersedeas bond. Although the wife's brief undertakes to advise us as to the subsequent history of that appeal, the record contains nothing concerning it. We therefore must, and do, ignore all plaintiff says concerning that history.

The operative assignments of error discussed in the

husband's brief are that the trial court erred in not finding (1) this action is barred by the doctrine of res judicata; (2) the judgment sought to be registered is invalid and not final; and (3) the judgment sought to be registered is contrary to law and, therefore, unenforceable.

In an additional purported assignment of error the husband states: "The District Court erred by overruling Defendant's Motion for Summary Judgment in which the Defendant showed the Court that the Plaintiff's action was barred by the Statute of Limitations." Brief for Appellant at 2. The overruling of a motion for summary judgment is not a final, appealable order. *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953). See, also, *Wulf v. Farm Bureau Ins. Co.*, 188 Neb. 258, 196 N.W.2d 164 (1972), holding that an order denying relief on a plea of the statute of limitations is to be treated as an interlocutory order. None of the husband's assignments of error reach the argument in his brief that his demurrer was erroneously overruled because the petition shows on its face that the cause of action was barred by the 5-year period of limitations specified by Neb. Rev. Stat. § 25-205 (Reissue 1979). Therefore, any error in overruling the demurrer, if any error there was, has been waived.

The husband's first operative assignment of error is that the instant cause of action is somehow barred by this court's opinion in *Cockle I*. Before any meaningful analysis of this issue can be made, we must determine what actually is being presented for registration. The wife's petition refers to both the 1976 California judgment and the 1980 adjudication. Both the 1976 judgment and 1980 determination are attached to her petition for registration. The 1980 ruling refers to the 1976 judgment and does no more than determine what was due as of September 15, 1980, under the 1976 judgment. Therefore, it is, under the petition's factual allegations, the 1976 judgment in the amount determined by the 1980 ruling

which is presented for registration, notwithstanding the prayer's sole reference to the 1980 judgment.

The husband argues that *Cedars Corp. v. Sun Valley Development Co.,* 213 Neb. 622, 330 N.W.2d 900 (1983), demands a holding that the doctrine of res judicata forecloses this action. He misreads *Cedars Corp.* It holds that the doctrine of collateral estoppel may be applied where an identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the rule is to be applied was a party or in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior action. *Cedars Corp.* has no applicability to the case before us, as the issue in *Cockle I* and the issue in the present case are not the same. In *Cockle I* the wife sought to register a judgment in an uncertain amount. Here, she seeks to register the judgment in an amount made certain by a subsequent judicial act. This is, therefore, a case wherein the subject matter at issue is different than that which was at issue in *Cockle I.* Where different proof is required to establish a cause, a judgment in one action does not preclude another action. *Northport Irr. Dist. v. Jess, ante* p. 152, 337 N.W.2d 733 (1983); *Suhr v. City of Scribner,* 207 Neb. 24, 295 N.W.2d 302 (1980).

The record, therefore, does not sustain the husband's first operative assignment of error.

The next assignment of error presents two questions: Firstly, whether the 1980 determination of the amount owed is valid in the sense that the California court had in personam jurisdiction over the husband, and secondly, whether, in view of the appeal, the judgment is final such as to be entitled to registration.

No presentation was made to the trial court or to this court concerning California's jurisdictional requirements. Under that circumstance we presume the common and statutory law of California to be the

same as the law of Nebraska. Neb. Rev. Stat. § 25-12,101 (Reissue 1979); *In re Estate of Thompson*, 214 Neb. 899, 336 N.W.2d 590 (1983). It has long been the rule of this jurisdiction that one who invokes the power of a court on any question other than jurisdiction makes a general appearance such as to confer jurisdiction over himself. *State v. Wedige*, 205 Neb. 687, 289 N.W.2d 538 (1980); *Porter v. The Chicago and Northwestern Railway Company*, 1 Neb. 14 (1871). If there had been any doubt as to whether the California court had jurisdiction over the husband in 1980 to determine the amount due under the 1976 judgment, he removed that doubt by filing the motion in the 1980 proceeding seeking relief from the 1976 judgment. There is no claim that the California court lacked jurisdiction to render the 1976 judgment.

As to the second question, a judgment may be final for some purposes and yet not be final as to other matters. It is for the state of rendition to determine whether a judgment is final, even though it has been appealed. Restatement (Second) of Conflict of Laws § 107 and Comment *d* thereto; § 112 and Comment *b* thereto (1971).

The only California law presented to the trial court and to this court is Cal. Civ. Proc. Code § 917.1 (West 1980), which states that the filing of an appeal without the posting of a supersedeas bond does not stay the enforcement of a monetary judgment. According to Restatement (Second) of Conflict of Laws § 101 (1971), a monetary judgment will be enforced in a sister state only for the amount for which it is enforceable in the state of rendition. Not having been superseded, the judgment is therefore enforceable in California and, therefore, in this jurisdiction. Nebraska's enforcement thereof may, of course, be suspended should the judgment be vacated on appeal by the California courts. *Weiss v. Metalsalts Corp.*, 72 N.J. Super. 264, 178 A.2d 240 (1962).

For the reasons discussed above, the husband's

second assignment of error is likewise without merit.

The husband next asserts that the 1976 judgment sought to be registered is contrary to the law declared in *McCarty v. McCarty*, 453 U.S. 210, 101 S. Ct. 2728, 69 L. Ed. 2d 589 (1981), is therefore erroneous, and, consequently, is invalid and unenforceable. *McCarty* held federal law precluded California from dividing military nondisability retirement pay under its community property laws.

The difficulty with this argument from the husband's point of view is that he did not appeal the 1976 judgment setting over a portion of his retirement pay to his wife. He now wishes to take retroactive advantage of a rule which Colonel McCarty established 5 years after the subject judgment was rendered.

The California law, as presented to us by both the husband and wife, is that *McCarty* may not be given retroactive application in cases where the issue of the community nature of a military retirement pension was adjudicated and the judgment became final prior to the date of the *McCarty* decision. *In re Marriage of McGhee*, 131 Cal. App. 3d 408, 182 Cal. Rptr. 456 (1982); *In re Marriage of Fellers*, 125 Cal. App. 3d 254, 178 Cal. Rptr. 35 (1981). Under the principles enunciated previously, the judgment being enforceable in California, it is enforceable in Nebraska.

The husband's third assignment of error is therefore also without merit.

The husband quite correctly argues that summary judgment may properly be granted where there exists no genuine issue as to any material fact, the ultimate inferences to be drawn from these facts are clear, and the movant is entitled to judgment as a matter of law. *Swanson v. First Fidelity Life Ins. Co.*, 214 Neb. 654, 335 N.W.2d 538 (1983). Contrary to his contention, this case falls within the above-stated rule. The trial court correctly granted the wife a

summary judgment registering the 1976 California judgment in the amount determined by the 1980 adjudication.

AFFIRMED.

McCOWN, J., not participating.