RODNEY D. WHITTEN, APPELLANT AND CROSS-APPELLEE, V. CAROL ANN WHITTEN, APPELLEE AND CROSS-APPELLANT.

548 N.W.2d 338

Filed June 7, 1996.   No. S-94-658.

Richard M. Fellman, of Fellman, Moylan, Natvig, Steichen & Kelly, for appellant.

James W. Knowles, Jr., of Knowles Law Office, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

On June 11, 1992, the plaintiff, Rodney D. Whitten, sued the defendant, Carol Ann Whitten, in the district court for Sarpy County for injuries he received which he claimed were caused by the negligent operation of a motor vehicle by the defendant in the State of Colorado on June 29, 1986.

Following trial, a jury returned a verdict in favor of the defendant, and the trial court dismissed the plaintiff's lawsuit. The plaintiff has appealed from that judgment. Claiming that the lawsuit was barred by Nebraska's statute of limitations, the defendant has cross-appealed.

Because the record reflects that the plaintiff filed his petition in Nebraska beyond the 4-year time limitation set forth in Neb. Rev. Stat. § 25-207 (Reissue 1995), the judgment of the district court in favor of the defendant is affirmed.

## ASSIGNMENTS OF ERROR

The plaintiff claims the trial court erred in overruling his motion for a new trial when the record evidences that (1) he sustained a fractured vertebra in the accident, entitling him to damages for pain and suffering, and (2) he was forced into early retirement as a result of the accident, resulting in an economic loss of over $92,000.

In her cross-appeal, the defendant claims that the trial court erred in (1) failing to sustain her demurrer to the plaintiff's petition, because the lawsuit was barred by Nebraska's statute of limitations, and (2) failing to apply Nebraska's automobile guest statute.

## STANDARD OF REVIEW

Whether the statute of limitations of a sister state or Nebraska's statute of limitations applies in a given case is a question of law which an appellate court must decide independently of the conclusion reached by the trial court. See, *Central States Resources v. First Nat. Bank,* 243 Neb. 538,

501 N.W.2d 271 (1993); *Calvert v. Roberts Dairy Co.*, 242 Neb. 664, 496 N.W.2d 491 (1993).

## FACTS

On June 29, 1986, the plaintiff and the defendant, who at that time were husband and wife, were involved in a one-vehicle accident which the plaintiff alleged occurred in the State of Colorado. It is undisputed that the defendant was the driver and the plaintiff was a passenger of the vehicle involved.

On June 11, 1992, the plaintiff filed suit in the district court against the defendant. In his petition, the plaintiff alleged that he sustained $3,570,866 in special damages due to injuries directly and proximately resulting from the defendant's negligent operation of the motor vehicle. Both in a demurrer which was overruled and in her answer, the defendant claimed that the plaintiff's lawsuit was barred by the 4-year statute of limitations set forth in § 25-207.

Because the alleged situs of the accident was in Colorado, the trial court applied Colorado's statute of limitations. Colorado has a 6-year statute of limitations. Following the trial, a jury returned a verdict in favor of the defendant. The plaintiff moved for a new trial, which motion was overruled.

## ANALYSIS

We need only address the defendant's claim that the plaintiff's lawsuit was barred by Nebraska's statute of limitations.

Although substantive rights of parties to an action are governed by the state where the cause of action arose, procedural matters are dictated by the law of the forum. *Calvert v. Roberts Dairy Co., supra*. Generally, laws prescribing the time within which particular rights may be enforced relate to remedies only and not substantive rights. See *Denver Wood Products Co. v. Frye*, 202 Neb. 286, 275 N.W.2d 67 (1979). A statute of limitations does not create or extinguish a right, but only places a limitation on a remedy which may be tolled or waived. *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990).

Because application of the statute of limitations is a procedural matter, Nebraska's statute of limitations governed, rather than that of Colorado, the state where the cause of action

allegedly arose. An action for an injury to the rights of the plaintiff, not arising on contract, can only be brought within 4 years. § 25-207. The record reflects that the plaintiff brought this negligence action more than 5 years after the date that he alleged the accident occurred. As a result, his lawsuit against the defendant was barred by Nebraska's statute of limitations.

We need not address the remaining assigned errors of either the plaintiff or the defendant, which concern the merits of the lawsuit, because the plaintiff's lawsuit was not timely filed in the district court.

## CONCLUSION

The plaintiff's lawsuit was not brought within the time prescribed by the statute of limitations, § 25-207. Although the trial court erred in failing to sustain the defendant's position that Nebraska's statute of limitations applied, the jury returned a verdict in the defendant's favor. When the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, the appellate court will affirm. *Crystal Clear Optical v. Silver*, 247 Neb. 981, 531 N.W.2d 535 (1995).

AFFIRMED.