No. 96-1481

_____

Federal Deposit Insurance          *
Corporation, in its corporate      *
capacity,                          *
                                   *
        Plaintiff-Appellee,        *
                                   *  Appeal from the United States
Norwest Bank, National             *  District Court for the District
Association, A National            *  of Nebraska.
Banking Association,               *
                                   *
        Intervenor Plaintiff,      *
                                   *
v.                                 *
                                   *
Gerald L. Nordbrock,               *
                                   *
        Defendant-Appellant.       *


                    _____

            Submitted:  September 9, 1996

              Filed:  December 6, 1996
                    _____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

                    _____

BRIGHT, Circuit Judge.


     The Federal Deposit Insurance Corporation (FDIC), in its
corporate capacity, sued Gerald L. Nordbrock, a resident of
Nebraska, on a promissory note.  The district court[1] granted
summary judgment for the FDIC.

     Nordbrock contends that the applicable statute of limitations
under the Financial Institutions Reform, Recovery and Enforcement
Act of 1989 (FIRREA), 12 U.S.C. § 1821 (1994), bars this action.

_____

     [1]The Honorable Thomas M. Shanahan, United States District
Judge for the District of Nebraska.

Nordbrock also contends that the district court erred in rejecting his affirmative defense of laches.  We affirm.

## I.    BACKGROUND

The facts are not in dispute.  In the late 1970's, Gerald L. Nordbrock acquired the Mt. Pleasant Bank and Trust Company in Iowa. Nordbrock subsequently began a lending relationship with the State Bank of Cuba (Cuba Bank), which was organized and existed under Illinois state law.

In 1981, Nordbrock borrowed $168,000 from Cuba Bank and signed a promissory note.  Nordbrock and Cuba Bank renewed the note four times during the next three years, eventually executing the promissory note of June 29, 1984, at issue here, for the principal amount of $264,820.54.  The note contained a contractual choice of law provision requiring that Illinois law governed the contract.

On June 29, 1985, the note matured and Nordbrock began making payments.  On August 26, 1985, Nordbrock paid $5,000 and on September 1, 1986, he paid $2,000.

In January 1987, the Illinois Commissioner of Banks ordered that Cuba Bank be closed.  The FDIC was subsequently appointed receiver of Cuba Bank and Nordbrock's 1984 promissory note was among the assets purchased by the FDIC as receiver.  Between 1988 and 1990, Nordbrock unsuccessfully attempted to negotiate a settlement with the FDIC.  On June 13, 1994, the FDIC filed suit against Nordbrock for $264,820.54, approximately seven years after the FDIC purchased the note.

On January 4, 1996, the United States District Court for the District of Nebraska granted the FDIC's motion for summary judgment and denied Nordbrock's cross-motion for summary judgment.  The

court held that the FDIC's action was not time barred and that there were no genuine issues of material fact concerning Nordbrock's liability on the promissory note. The district court also denied Nordbrock's affirmative defenses of laches, estoppel and waiver. The district court entered judgment against Nordbrock in the amount of $634,484.74 for principal and interest due on the promissory note.

## II. DISCUSSION

"We review the district court's grant of summary judgment de novo." Landreth v. First Nat'l Bank, 45 F.3d 267, 268 (8th Cir. 1995). This review requires us to "determine whether the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id.

We also review the district court's application of Nebraska's choice of law rules de novo. Enron Corp. v. Lawyers Title Ins. Corp., 940 F.2d 307, 312 (8th Cir. 1991) (citing Salve Regina College v. Russell, 499 U.S. 225, 231 (1991)). "[A] federal district court sitting in Nebraska must follow Nebraska's conflict of laws rules." Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 858 F.2d 1339, 1342 (8th Cir. 1988) (citation omitted).

### A.

Jurisdiction in this matter is based upon the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821 (1994). FIRREA provides the appropriate statute of limitations for actions brought under the statute:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [FDIC] as conservator or receiver shall be--

(i)  in the case of any contract claim, the longer of--

(I)  the 6-year period beginning on the date the claim accrues; or

(II) the period applicable under State law. . . .

12 U.S.C. § 1821(d)(14)(A).  Thus, FIRREA provides for a minimum statute of limitations of six years, which may be extended if the applicable state law statute of limitations is longer.

Nebraska has a five-year statute of limitations, Neb. Rev. Stat. § 25-205 (1995), and Illinois has a ten-year statute of limitations, 735 Ill. Comp. Stat. Ann. 5/13-206 (West 1992).  The FDIC's claim accrued, at the latest, on January 9, 1987, and the FDIC commenced this action on June 13, 1994.  Accordingly, unless FIRREA's six-year statute of limitations is extended by the Illinois statute of limitations, the suit is time-barred.  In order to make this determination, we must consider the statute of limitations period otherwise applicable under Nebraska law.  12 U.S.C. 1821(d)(14)(A)(i)(II).  This requires an examination of Nebraska's choice of law principles.

The district court utilized section 142 of the Restatement (Second) of Conflict of Laws (1989) to determine whether the statute of limitations under Nebraska or Illinois law should apply according to Nebraska state law.  Add. at 9.  After applying section 142, the district court determined that Illinois had the most significant relationship to this matter and that the Illinois statute of limitations for actions on written contracts applied under Nebraska's choice of law rules.  Add. at 11.

Nordbrock contends that the district court erred by utilizing section 142 of the Restatement (Second) of Conflict of Laws (1989) and, alternatively, that even under section 142 the district court

erred in finding that Illinois had the most significant relationship.

## 1.

As a preliminary matter, the promissory note contained a choice of law provision requiring that Illinois law governed the contract.  The district court observed that this contractual choice of law provision was inapplicable to the resolution of this matter because such provisions only incorporate substantive law and statute of limitations issues, under Nebraska law, are procedural.  Add. at 8.  The district court is correct in stating that Nebraska considers its statute of limitations as procedural, Whitten v. Whitten, 548 N.W.2d 338, 340 (Neb. 1996), however, it is unnecessary to undertake this analysis because FIRREA expressly excludes consideration of "any provision of any contract" concerning the statute of limitations.  12 U.S.C. § 1821(d)(14)(A).  Accordingly, the statute of limitations question falls beyond the ambit of the contractual choice of law provision.

The district court then examined the choice of law rules applied by Nebraska courts and determined that Nebraska utilizes section 142 of the Restatement (Second) of Conflict of Laws in determining the appropriate statute of limitations.  Add. at 9.  Nordbrock argues this was improper and contends that, because statute of limitations are procedural, Nebraska's statute of limitations must apply.

Nebraska courts have not directly addressed this question.  However, the Nebraska Supreme Court, as a general matter, utilizes the Restatement (Second) for issues relating to a choice of law, Harper v. Silva, 399 N.W.2d 826, 828 (Neb. 1987); Cockle v. Cockle, 339 N.W.2d 63, 66 (Neb. 1983), and specifically adopts the approach set forth in section 188 of the Restatement (Second) of Conflict of Laws to determine the choice of law applicable to a contract action. Powell v. American Charter Fed. Sav. & Loan Ass'n, 514

N.W.2d 326, 331-332 (Neb. 1994). Furthermore, the Eighth Circuit recognizes that Nebraska adheres to the Restatement (Second) of Conflict of Laws in other contexts. See Enron Corp. v. Lawyers Title Ins. Corp., 940 F.2d 307, 312 (8th Cir. 1991); Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 858 F.2d 1339, 1342 (8th Cir. 1988).

We conclude that the district court correctly determined that Nebraska law utilizes section 142 of the Restatement (Second) of Conflict of Laws (1989) to determine Nebraska's choice of law for the applicable statute of limitations.

**2.**

After determining that section 142 of the Restatement (Second) of Conflict of Laws must be utilized, the district court correctly applied the seven factors presented in section 6 as required by section 142. Section 142 states:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply its own statute of limitations barring the claim.
>
> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
> (a) maintenance of the claim would serve no substantial interest of the forum; and
>
> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Restatement (Second) of Conflict of Laws § 142 (1989).

-6-

The factors listed in section 6 of the Restatement (Second) of Conflict of Laws are as follows:

>    (a)   the needs of the interstate and international systems,
>
>    (b)   the relevant policies of the forum,
>
>    (c)   the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
>    (d)   the protection of justified expectations,
>
>    (e)   the basic policies underlying the particular field of law,
>
>    (f)   certainty, predictability and uniformity of result, and
>
>    (g)   ease in the determination and application of the law to be applied.

The district court correctly concluded that the factors presented in section 6 indicate that Illinois is the state with the most significant relationship to this matter. Add. at 10. Although Nordbrock is a Nebraska citizen and the note was executed in that state, a larger number of significant factors indicate that Illinois has a more significant relationship. The district court outlined these factors as follows:

>    [Nordbrock] signed the promissory note as evidence of his indebtedness to an Illinois bank. Pursuant to his promissory note, Nordbrock received funds from an Illinois lender and has agreed to be bound by Illinois law concerning any action on the promissory note. Moreover, Nebraska's policy of protecting one of its citizens from "stale" claims is outweighed by Illinois' interest in protecting the assets of its financial institutions.

Add. at 10-11.

We agree with the district court that these factors demonstrate that Illinois has the most significant relationship to this matter. The six-year statute of limitations under FIRREA is therefore extended by the application of the ten year Illinois statute of limitations.

A recent Nebraska Supreme Court case, Whitten v. Whitten, 548 N.W.2d 338 (Neb. 1996), does not dictate a different result. In that case, plaintiff Rodney Whitten and his former wife Carol Ann Whitten were involved in a car accident in Colorado. Id. at 339. They were married at the time of the accident. Id. Rodney Whitten, a passenger in the car, sued his former wife Carol Ann Whitten, the driver of the vehicle, for injuries sustained as a result of her negligence. Id. The case was tried in Nebraska and the trial court applied Colorado's statute of limitations and the jury returned a verdict for the defendant. Id. at 340.

The Nebraska Supreme Court affirmed on the ground that the suit was barred by the Nebraska statute of limitations:

> Because application of the statute of limitations is a procedural matter, Nebraska's statute of limitations governed, rather than that of Colorado, the state where the cause of action allegedly rose. An action for an injury to the rights of the plaintiff, not arising on contract, can only be brought within 4 years. . . . The record reflects that the plaintiff brought this negligence action more than 5 years after the date that he alleged the accident occurred. As a result, his lawsuit against the defendant was barred by Nebraska's statute of limitations.

Id. (citation omitted).

This case is not dispositive. Under section 142, the general rule is that the forum will apply its own statute of limitations. There is nothing to suggest from the facts in Whitten that the court did anything any other than simply apply this general rule.

-8-

In short, the Nebraska Supreme Court was not presented with the unique factual setting presented here requiring an examination of the factors under section 6 of the Restatement.

Accordingly, the Nebraska choice of law provision applies here. The period applicable under state (Nebraska) law is the ten-year statute of limitations of Illinois, and that period applies under FIRREA.

## II.

Finally, Nordbrock argues that the district court erred in granting summary judgment as to his laches defense. In order to prevail on this claim, Nordbrock must establish the following:

> "(1) Conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy;
>
> (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit;
>
> (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit, and
>
> (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is held not to be barred."

Slatin's Properties, Inc. v. Hassler, 291 N.E.2d 641, 643-44 (1972) (quoting Pyle v. Ferrell, 147 N.E.2d 341, 344 (1958)).

An application of these factors to the facts of this case, when considered in the light most favorable to Nordbrock, dictates a finding that Nordbrock's laches defense must fail. First, Nordbrock entered into the loan knowing that it needed to be repaid. Second, although the FDIC delayed bringing this action,

-9-

the action was brought three years before the Illinois statute of limitations expired.  Third, there was no reason for Nordbrock to believe that the FDIC would fail to bring this action eventually. The record shows that Nordbrock attempted to negotiate a settlement with the FDIC.  Finally, we agree with the district court that there is no evidence of prejudice to Nordbrock in allowing the FDIC to bring this action at this time.

Accordingly, the opinion of the district court is AFFIRMED.

LOKEN, Circuit Judge, concurring.

I concur but note two caveats regarding the court's analysis. First, we follow Nebraska's choice of law rules only if state law governs the underlying claim, or if governing federal law instructs us to apply the forum state's choice of law rules.  Here, federal law (FIRREA) governs the underlying claim.  The relevant statute tells us to look to the federal statute of limitations, or alternatively to any longer period "applicable under State law." 12 U.S.C. § 1821(d)(14)(A)(i)(II).  This is not an unambiguous mandate to apply the forum's state's choice of law rules in deciding what alternative state statute of limitations is "applicable."  In my view, it seems more consistent with FIRREA's purposes to apply uniform federal choice of law rules in making that determination, particularly because the choice of law rules applied by some state courts in selecting an appropriate statute of limitations seem dominated by doctrinal fictions and result-oriented parochialism.  However, if I am right that the choice of law standard should be federal, I nonetheless agree with the standard the court has applied and with its application to the facts of this case.  Thus, my concern with the court's choice of law analysis does not affect the outcome in this case.

Second, I would summarily reject Nordbrock's laches claim because "separation of power principles dictate that federal courts

not apply laches to bar a federal statutory claim that is timely filed under an express federal statute of limitations." Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 170 (8th Cir. 1995) (en banc).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.