**United States Court of Appeals**
**for the Eighth Circuit**
No. 96-3916

Rhonda R. Wisland,                 *

                        *

       Appellant,         *

                        * Appeal from the United States

   v.                  * District Court for the

                        * District of South Dakota.

Admiral Beverage Corporation;   *

Paul James Mayer IV,        *

                        *

       Appellees.         *

———————

Submitted: June 11, 1997
              Filed: July 16, 1997

———————

Before MURPHY, HEANEY, and JOHN R. GIBSON, Circuit Judges.

———————

MURPHY, Circuit Judge.

    This action arises out of an automobile accident in which Rhonda Wisland sustained a personal injury. The district court[1] granted summary judgment for Admiral Beverage Corporation and Paul Mayer (collectively referred to as Admiral) because it concluded that the South Dakota statute of limitations had run on Wisland's tort claim because of untimely service. Wisland argues on appeal that Wisconsin law should have

———————

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

been applied, that the district court erred by allowing Admiral to amend its answer to include the statute of limitations as an affirmative defense, and that her process was timely served. We affirm.

On August 5, 1991 Wisland was driving her motorcycle through South Dakota when several boxes of drinking straws fell from a truck in front of her. She lost control of her motorcycle when it rolled over the straws and was injured in the resulting accident. The truck was owned by Admiral Beverage, and the driver was its employee Paul Mayer. Wisland is a Wisconsin resident and returned to that state after the accident where she was treated for her injuries. Mayer is a South Dakota resident, and Admiral Beverage is incorporated in Wyoming but does business in South Dakota.

Wisland originally filed her complaint in the United States District Court for the Western District of Wisconsin on August 4, 1994 and mailed copies of the summons and complaint to constables in Pennington County, South Dakota on August 5. The copies were received by the addressees on August 9, and Admiral Beverage and Mayer were served on August 10.

In their initial answer, defendants moved to dismiss Wisland's complaint on the grounds that the Wisconsin district court lacked personal jurisdiction and was not the proper venue. Defendants' motions were never addressed by that court, however, because it transferred the case to the District of South Dakota on September 29, 1994, pursuant to a stipulation of the parties. Neither the Wisconsin district court nor the stipulation specified the statutory basis for the transfer, but the stipulation provided that the parties "do not waive any defenses or claims which may be asserted in the United States District Court for the District of South Dakota."

Once in South Dakota, the case began to move toward trial. In February 1995 Judge Jones entered a Rule 16 scheduling order establishing August 1, 1995 as the deadline for amendments to the pleadings and January 1996 as the deadline for

discovery and any additional motions.  Judge Jones twice amended this order by extending the deadlines for discovery and for certain motions to March 1996.

Admiral filed a motion for summary judgment on March 24, 1996, claiming that Wisland had failed to commence her action before the South Dakota statute of limitations had run, as well as a motion to amend its answer to include the South Dakota statute of limitations as an affirmative defense.  In June 1996 the district court granted the motion to amend, and in September 1996 it granted summary judgment for Admiral and Mayer.

A decision to grant summary judgment is reviewed de novo.  <u>Michalski v. Bank of Am. Ariz.</u>, 66 F.3d 993, 995 (8th Cir. 1995).  The relevant facts here are undisputed, but the parties differ over the legal issues, including whether Wisland commenced her action within the applicable statute of limitations.

In a diversity case state law determines when an action is commenced for the purpose of applying the statute of limitations.  <u>See</u> <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 753 (1980).  Both Wisconsin and South Dakota have a three year statute for personal injury actions, <u>see</u> S.D. Codified Laws § 15-2-14(3) (Michie 1984); Wis. Stat. Ann. § 893.54 (West 1996), but the procedures for starting an action differ.  Under South Dakota law an action is commenced when the summons is served on the defendants, and service on the defendants within the statutory period prevents the limitations period from barring an action.  S.D. Codified Laws § 15-2-30.  It is also sufficient, however, if the summons is delivered within the limitations period to the sheriff or other officer of the relevant county so long as service is affected by publication or actual delivery to the defendants within sixty days.  S.D. Codified Laws § 15-2-31.  In Wisconsin an action is commenced by filing a summons and complaint with the court; the plaintiff then has sixty days to serve the defendants.  Wis. Ann. Stat. § 801.02.

Because of the different procedures used to initiate an action, the running of the statute of limitations period depends on whether Wisconsin or South Dakota law applies. Under either state law the three year limitations period started August 5, 1991, the day of the accident. Wisland filed in Wisconsin on August 4, 1994, which was in that state's limitations period since filing commenced the action and all parties were served within sixty days. Under South Dakota law the action is not commenced until service is had, and Wisland did not deliver her summons and complaint to the South Dakota process servers until August 9 and the defendants were not served until August 10, 1994.

When a diversity case is transferred from one federal court to another, the choice of law depends on the nature of the transfer. Transfer is allowed under 28 U.S.C. § 1404(a)[2] for the convenience of the parties and witnesses, and the chance for unfair prejudice or forum shopping is minimized because the district court is required to consider the interests of all involved in deciding whether to allow a transfer. With a § 1404(a) transfer the law of the transferor court applies, which in this case is the law of Wisconsin. See Ferens v. John Deere Co., 494 U.S. 516, 531 (1990). Transfer is permitted under 28 U.S.C. § 1406(a)[3] when venue is not proper so the risk of forum

---

[2]28 U.S.C. § 1404(a) reads:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The historical and statutory notes associated with this section indicate that "[s]ubsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though venue is proper."

[3]28 U.S.C. § 1406(a) reads:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

shopping is greater because improper venue results in dismissal or transfer without the interests of all involved being necessarily weighed. If the law of the transferor court were applied, a plaintiff could deliberately file in a jurisdiction with favorable law but clearly improper venue and benefit from its choice. LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 526 (4th Cir. 1987); Nelson v. International Paint Co., 716 F.2d 640, 643 (9th Cir. 1983); Martin v. Stokes, 623 F.2d 469, 472 (6th Cir. 1980). A § 1406(a) transfer calls for application of the law of the transferee court however which in this case is the law of South Dakota. See, e.g., Schaeffer v. Village of Ossining, 58 F.3d 48, 50 (2d Cir. 1995) (quoting 15 Charles A. Wright et al., Federal Practice and Procedure § 3827, at 267 (2d ed. 1986); Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1141-42 (5th Cir. 1992).

In this case neither the signed stipulation nor the district court order indicates which type of transfer was contemplated nor specifies which state law controls. If venue was not proper in Wisconsin, dismissal or a § 1406(a) transfer would have been required, and South Dakota law would apply on transfer. The relevant statutory requirements for venue are:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> . . . .

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

28 U.S.C. § 1391 (1995).

There is no dispute here about § 1391(a)(1) or (3). Neither defendant resides in Wisconsin or was subject to personal jurisdiction there (and even if they were, the action could have been brought in South Dakota). Wisland claims that venue was proper under (a)(2), however, because a substantial part of the events giving rise to her damage claims occurred in Wisconsin where she received the majority of her medical treatment. She cites no authority for this proposition, and the events giving rise to her action involve the alleged negligence of the defendants in South Dakota, not the nature of her medical treatment in Wisconsin. See, e.g., Smith v. Fortenberry, 903 F.Supp. 1018, 1020 (E.D. La. 1995). Venue therefore did not lie in Wisconsin so the transfer had to have been under 28 U.S.C. § 1406(a), and the law of the transferee court should be applied.

Under South Dakota law Wisland's claim is time barred. To initiate her action in South Dakota before the statute of limitations ran, Wisland was required either to serve defendants or deliver copies of her summons and complaint to the proper county officials within three years. S.D. Codified Laws §§ 15-2-14(3), 15-2-30, 15-2-31; see also Fischer v. Iowa Mold Tooling Co., 690 F.2d 155, 156 (8th Cir. 1982). The accident occurred on August 5, 1991, but she did not deliver the summons and complaint to officials in Pennington County until August 9, 1994, and she did not obtain service on the defendants until August 10, 1994. Wisland maintains nevertheless that her claim is timely because she posted her summons and complaint in the mail to the constables in Pennington County before the limitations period ran. Under South Dakota law, however, the summons and complaint must be delivered into the hands of the sheriff or other county official before the statute runs, not simply placed in the mail.

-6-

See <u>Meisel v. Piggly Wiggly Corp.</u>, 418 N.W.2d 321, 323 (S.D. 1988); <u>Fischer</u>, 690 F.2d at 156.

Wisland also argues that Admiral waived the jurisdiction and venue claims related to its statute of limitations defense because it did not raise these issues in a timely fashion. The waiver case Wisland cites to support her argument is distinguishable because it involved a party who raised an affirmative defense in its pleadings, but failed to pursue it at summary judgment or at trial and then attempted to assert it anew on appeal. <u>See</u> <u>Violette v. Smith & Nephew Dyonics, Inc.</u>, 62 F.3d 8 (1st Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1568 (1996). In contrast, Admiral raised the defenses of venue and jurisdiction in its Wisconsin pleadings and relied on improper venue in Wisconsin as part of its theory for summary judgment. Admiral did not waive these issues.

Wisland also asserts Admiral waived its ability to argue the Wisconsin venue or jurisdiction issues because it did not raise them as independent defenses in its amended answer. <u>See</u> F. R. Civ. P. 12(h) (governing waiver of defenses); F. R. Civ. P.15(c) (governing relation back of amended pleadings). Admiral's venue and jurisdiction arguments, however, are a part of its statute of limitations theory for summary judgment, not independent defenses or reasons to dismiss. Admiral raised the statute of limitations defense in its amended pleadings which was sufficient to put Wisland on notice that related issues concerning choice of state law, jurisdiction, and venue might be involved.[4] The rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims. <u>See</u> F. R. Civ. P.

---

[4]The phrasing of Admiral's amended answer in fact suggested that an inquiry into choice of law issues would be required. It alleged that Wisland's claim was barred by the "applicable statute of limitations," leaving open which statute of limitations was meant.

8(c).  The district court allowed Admiral to plead the South Dakota statute of limitations as an affirmative defense, and Admiral therefore had the right to raise the preliminary choice of law arguments necessary to present that defense.  See F. R. Civ. P. 8(f).

In addition Wisland argues that Admiral should not have been allowed to amend its answer to include the defense of the statute of limitations after the district court's original scheduling deadline for amendments had passed.  The rules give wide authority and discretion to the district court to manage its caseload.  See, e.g., United States v. Charles George Trucking Inc., 34 F.3d 1081, 1090 (1st Cir. 1994) (district court has considerable discretion in case management and may modify previous Rule 16 orders at its pleasure); see also, Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1543 (10th Cir. 1996) (decision to modify Rule 16 order reviewed under abuse of discretion standard); Huval v. Offshore Pipelines, Inc., 86 F.3d 454, 458 (5th Cir. 1996) (same); Rapco, Inc. v. Commissioner, 85 F.3d 950, 953 (2d Cir. 1996) (same); Walker v. Anderson Elec. Connectors, 944 F.2d 841, 844 (11th Cir. 1991) (same).  Admiral explained that it did not raise the limitations defense earlier because the original returns of service were in the possession of Wisland's attorney and were not filed with the district court in a timely fashion.  Given the procedural posture of this case, the relevance of South Dakota's method of service may not have been immediately apparent at the outset of the litigation.  Considering the record as a whole, the district court did not abuse its discretion by allowing Admiral to amend its pleadings to include a meritorious affirmative defense.[5]

---

[5]The district court's informal comments at the hearing about whether there had been excusable neglect for the delay in seeking the amendment do not translate into an abuse of discretion in later allowing Admiral to amend its answer.  See, e.g., O'Neill v. Agwi Lines, 74 F.3d 93 95 (5th Cir. 1996) (oral statements which conflict with court's formal findings and conclusions should be disregarded).

Finally, Wisland argues the district court erred by denying her motion for reconsideration under F. R. Civ. P. 60. Wisland's motion simply repeated the arguments discussed above, and no abuse of discretion has been shown.

For these reasons, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.