Ana Margarita RODRIGUEZ–TORRES, by herself and in representation of her son, Roberto Enrique Velez–Rodriguez Plaintiff

v.

AMERICAN AIRLINES CORP. and Miami International Airport, A Dade County Airport Administration Defendant

No. CIV. 97–2775(JP).

United States District Court, D. Puerto Rico.

June 8, 1998.

Miriam Merced de Rodríguez, San Juan, PR, for Plaintiff.

Diego Ramos, Fiddler, González & Rodríguez, San Juan, PR, for Defendant.

## JUDGMENT

PIERAS, District Judge.

Codefendant American Airlines has moved the Court to dismiss the Complaint in this action for improper venue (**docket No. 11**). Plaintiffs have brought this action for damages based on the following allegations. On November 25, 1996, Plaintiffs were ticketed for travel on American Airlines Flight 566 from Miami International Airport to Luis Munoz Marin International Airport in Carolina, Puerto Rico. In order to board in Miami, passengers of Flight 566 were required to descend an escalator at Gate E–30. Coplaintiff Ana Margarita Rodriguez Torres attempted to carry her then fourteen month-old son, coplaintiff Roberto Enrique Velez–Rodriguez ("Roberto"), down the escalator. She was also carrying a baby carriage. One of the carriage's wheels got stuck in the escalator; when Plaintiffs reached the bottom of the escalator, they were unable to exit. Several people behind them on the escalator fell on top of them. Roberto was trapped under his mother's body; he suffered a hematoma to his left eye and was struck in his head, which developed some swelling.[1] Ms. Rodriguez received various

---

1. Plaintiffs' misunderstand the amount in controversy requirement of diversity jurisdiction. For

back and knee injuries. Although Plaintiffs have not explicitly stated any basis for liability, Plaintiffs apparently believe Defendants to be liable for the injuries they incurred on the escalator at Miami International. They have sued in this Court asserting diversity jurisdiction.

American Airlines is a Delaware corporation with its principal place of business in Texas. American is amenable to personal jurisdiction in Puerto Rico. The Miami International Airport is administered by the Dade County Airport Administration and has its principal place of business, obviously, in Florida. The Court is not certain that the Airport is subject to personal jurisdiction in Puerto Rico, an issue that we address below.

█ Venue in diversity cases is governed by 28 U.S.C. § 1391:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides,[2] if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiffs assert that a substantial part of the events or omissions giving rise to their claims occurred in Puerto Rico, and that venue is proper under § 1391(a)(2). The Complaint demonstrates otherwise, however. The entire occurrence from which this action arises took place on the escalator at Miami International Airport. The fact that Plaintiffs might have received medical treatment for their injuries in Puerto Rico does not render Puerto Rico a proper venue for the action—that medical treatment is not part the events or omissions giving rise to the claim. *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir.1997); *cf. also Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir.1994) ("Events or omissions that might only have some tangential connection with the dispute in litigation are not enough"). Therefore venue does not lie under § 1391(a)(2). Moreover, Puerto Rico does not have jurisdiction under § 1391(a)(3), because there are clearly other districts in which this action should be brought. That leaves § 1391(a)(2).

American claims that venue does not lie under § 1391(a)(1) because it is not a resident of Puerto Rico. But American forgot to read § 1391(c), which renders it a resident, for the purpose of venue, of any jurisdiction in which it is subject to personal jurisdiction at the time the complaint is filed. As American does not dispute that it is subject to personal jurisdiction in Puerto Rico, the Court finds that American is a resident of Puerto Rico for the purpose of venue in this case. Therefore, if Miami International Airport resides in Puerto Rico, for the purposes of venue, Puerto Rico is a permissible venue. In other words, whether or not this Court is a proper venue depends on whether or not the Airport was subject to personal jurisdiction here when the Compliant was filed.

Plaintiffs have asserted that MIA was subject to personal jurisdiction in Puerto Rico because it is "obtaining economical [sic] from transactions done with the residents of Puerto Rico" and because it is "the nearest contact for Puerto Ricans to any federal territory within the contiguous United States of America." Therefore, Plaintiffs continue, MIA could reasonably have foreseen being haled into court in Puerto Rico. The Court is not persuaded by Plaintiffs' argument.

█ Whether based on general or specific jurisdiction, personal jurisdiction de-

nearly 18 months, now, diversity jurisdiction will not lie where the amount in controversy is less than $75,000.00. Plaintiffs' attorney should stay abreast of such fundamental legal matters as jurisdiction. Moreover, each Plaintiff must have a claim for $75,000.00. Plaintiffs have claimed that Roberto suffered only $20,000.00 in damages. Therefore, the Court would have no juris-

diction over Roberto's claim even if Plaintiffs had filed their case in the proper venue.

2. For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

pends on contacts with the forum, and such contacts derive from activity directed towards or carried out in the forum. *See generally Massachusetts School of Law at Andover v. American Bar Assoc.*, 142 F.3d 26 (1st Cir.1998). A defendant's contacts with citizens of the forum are insufficient if they are not based on activities directed to or carried out in the forum. If that were not so, an international airport such as MIA would be subject to personal jurisdiction in wherever any passenger going through its gates resided. Such a result would be completely unfair. Likewise, the fact that Florida is the closest of the "upper forty-eight" to Puerto Rico cannot serve as a basis for holding that MIA had any contacts with Puerto Rico. Whether or not its activities and proximity attract Puerto Ricans, Plaintiffs have still not demonstrated that MIA's activities are carried out in or directed toward Puerto Rico.[3] In sum, the Court finds that it has no personal jurisdiction over MIA. In turn, the Court holds that Puerto Rico is not an appropriate venue for this case. Therefore, the Court hereby **DISMISSES THE COMPLAINT IN THIS CASE WITHOUT PREJUDICE.**

IT IS SO ORDERED, ADJUDGED, AND DECREED.

---

3. Perhaps an example best illustrates the flaws of Plaintiffs' argument. Using their logic, restaurants in tourist cities like Washington, D.C., because they must expect many of their patrons to hail from other states, would be subject to personal jurisdiction in any such state. Clearly, that result would violate the Due Process Clause.