# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3933

_____

| | | |
|---|---|---|
| Bryan Bach, husband; Jennifer Bach, wife, | * * * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Gregory Charles Linnell, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 4, 1999
Filed: July 6, 1999

_____

Before MCMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Bryan and Jennifer Bach appeal the district court's[1] dismissal of their diversity tort suit as time barred. After carefully reviewing the record and the parties' submissions, we conclude that the case was transferable to the federal court in Iowa under 28 U.S.C. § 1404(a) because of lack of venue in Minnesota, and that the court did not err in applying the Iowa statute of limitations. See Wisland v. Admiral

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997) (§ 1404(a) transfer requires application of law of transferee court), cert. denied, 118 S. Ct. 1043 (1998). We also find no error in the district court's conclusion that the Bachs' amended complaint substituting parties did not relate back to the date of the original complaint under the standards of Fed. R. Civ. P. 15(c)(3). Dismissal was appropriate for the reasons the district court stated, and an extended discussion is not warranted.

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.