Menard v. Marvelle                    CV-99-238-JD   08/19/99
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Gerald Menard
and Candace Menard

       v.                              Civil No. 99-238-JD

James Marvelle


                              O R D E R


        The plaintiffs, Gerald and Candace Menard, bring a personal

injury action pursuant to diversity of citizenship jurisdiction,

arising from an accident involving two trucks on the

Massachusetts Turnpike.  The defendant, James Marvelle, is a

resident of Massachusetts while the plaintiffs are residents of

New Hampshire.  The plaintiffs allege that Gerald Menard was

stopped in his tractor trailer truck when the defendant, James

Marvelle, also driving a tractor trailer truck, struck Menard

from behind.  The accident occurred in Boston, Massachusetts, on

May 29, 1996.  The defendant moves to dismiss the complaint for

improper venue and lack of personal jurisdiction.

        In a civil action brought under diversity jurisdiction,

venue is proper only in a judicial district where the defendant

resides, where "a substantial part of the events or omissions

giving rise to the claim occurred," or where the defendant is

subject to personal jurisdiction "if there is no district in

which the action may otherwise be brought." 28 U.S.C.A. § 1391(a). As the defendant resides in Massachusetts and the accident occurred in Massachusetts, the action may be brought in a judicial district in Massachusetts. Venue is therefore proper in Massachusetts.

The plaintiffs argue that venue is also proper in New Hampshire because all of Gerald Menard's medical treatment occurred in New Hampshire, constituting a substantial part of the events giving rise to the action. The plaintiffs are mistaken. Their claims allege negligence by the defendant in Massachusetts that caused injuries to the plaintiffs. The medical treatment for the injuries received in the accident did not "give rise" to the plaintiffs' cause of action for the defendant's negligence. The plaintiff's medical treatment does not constitute a substantial part of the events giving rise to the action within the meaning of § 1391(a)(2). See Wisland v. Admiral Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997); Rodriguez-Torres v. American Airlines Corp., 8 F. Supp. 2d 150, 151 (D.P.R. 1998).

In the event that the court determined that venue was improper in New Hampshire, the plaintiffs ask the court to transfer the case to a proper district. The plaintiffs point out that the statute of limitations has now expired on their claims and a dismissal would preclude them from bringing their claims

2

elsewhere.  In these circumstances, it is appropriate to transfer the case to a district where venue is proper, in this case, the district of Massachusetts.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is denied.  Because venue is not proper in New Hampshire, the case shall be transferred to the district of Massachusetts.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

August 19, 1999

cc:  M. Jeanne Trott, Esq.
     Richard F. Johnston, Esq.