# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2661

_____

| | |
|---|---|
| Genick Bar-Meir, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  District Court for the |
| North American Die Casting | *  District of Minnesota. |
| Association, | * |
| | *    [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: December 4, 2002
Filed: January 3, 2003

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Genick Bar-Meir filed this action against the North American Die Casting Association (NADCA), requesting an order that the domain name "nadca.org" should remain with him. NADCA filed counterclaims under the Lanham Act, 15 U.S.C. § 1051 et seq., seeking injunctive relief and damages. We previously affirmed in an interlocutory appeal the district court's grant of injunctive relief and summary judgment to NADCA, and we now affirm the remaining pretrial orders that Bar-Meir challenges on appeal.

We hold the district court did not abuse its discretion in any of its discovery rulings. See SDI Operating P'ship v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992) (standard of review). We also hold the court did not abuse its discretion in refusing to impose the costs of personal service on NADCA, given that Bar-Meir did not show compliance with Federal Rule of Civil Procedure 4(d)(2)(D); or in refusing to continue a hearing on the summary judgment motion, see Wisland v. Admiral Beverage Corp., 119 F.3d 733, 737 (8th Cir. 1997) (district court is given wide authority and discretion to manage its caseload), cert. denied, 522 U.S. 1112 (1998). We further hold the district court did not err in denying Bar-Meir's motion to vacate the reference to the magistrate judge. See 28 U.S.C. § 636(b)(1).

We reverse, however, the district court's award of $125,000 in damages against Bar-Meir. Bar-Meir made a timely demand for a jury trial, see Fed. R. Civ. P. 38(b), and he did nothing to waive that demand, see Fed. R. Civ. P. 39(a) (when jury trial has been demanded, parties must stipulate in writing or in open court to have trial by court). We thus hold that Bar-Meir is entitled to have a jury determine the amount of damages. See Feltner v. Columbia Pictures Tel., Inc., 523 U.S. 340, 353-54 (1998) (Seventh Amendment right to jury trial in action for statutory damages under Copyright Act extends to having jury determine amount of damages); Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 641-42 (8th Cir. 1996) (patent and copyright infringement actions are treated same).

Accordingly, we affirm in part and reverse in part, vacate the award of damages, and remand for further proceedings in which Bar-Meir may exercise his right to have a jury determine the damages.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.